# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**BEVERLY GILMORE, DORIS HANEY,**
**ROSALIND HODGES, DEMETRICE HUGHES,**
**DAISY JOINER, DOROTHY KINCAID**
**JAMES MINTON, IRMA MITCHELL,**
**GABLE PITTS, SHIRLEY REED, DAISY**
**RICKS, JOHNNIE TURNER, BETTY WEBB,**
**CURLEY MAE WILLIAMS, AND LAVERINE**
**WILLIAMS,**                                                   **PLAINTIFFS,**

**VS.**                                          **CIVIL ACTION NO. 4:05CV150-P-B**

**MS LOAN CENTER, INC., ET AL.,**                                **DEFENDANTS.**

## ORDER

This matter comes before the court upon Plaintiffs' Motion to Remand [25-1]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The plaintiffs filed the instant action on November 8, 2002 in the Circuit Court of Sunflower County, Mississippi. Plaintiff Minton filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code on June 2, 2005. Minton did not indicate on his schedule the existence of this case. The defendants removed the case to federal court pursuant to 28 U.S.C. § 1452 based on bankruptcy jurisdiction. The plaintiff filed the instant motion to remand, seeking severance and remand for all of the plaintiffs other than James Minton. The plaintiffs did not move for the court to abstain from exercising bankruptcy jurisdiction under the doctrines of mandatory or permissive abstention; therefore, the court will not address those doctrines.

The court has jurisdiction over Minton's claims pursuant to 28 U.S.C. §§ 1334 and 1452(a) because his action "relates to" his bankruptcy proceeding. Thus, his case will be referred to the Bankruptcy Court for the Northern District of Mississippi (Case No. 05-13837) pursuant to Orders

entered by Judge L.T. Senter in 1984, *i.e.*, "Order Nunc Pro Tunc" and "Nunc Pro Tunc Referral of Bankruptcy Matters to Bankruptcy Judges," under to 28 U.S.C. § 157(a). The claims of the remaining plaintiffs should be severed and remanded to State court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiffs' Motion to Remand [25-1] is **GRANTED IN PART AND DENIED IN PART**;

(2) The motion is granted insofar as the claims of all plaintiffs other than those of James Minton are hereby **SEVERED** from the instant action and are **REMANDED** to the Circuit Court of Sunflower County, Mississippi from whence they came;

(3) The motion is denied insofar as the claims of James Minton shall not be remanded but rather referred to the Bankruptcy Court of the Northern District of Mississippi for the reasons discussed above; therefore,

(4) This case is **CLOSED**.

**SO ORDERED** this the 11th day of July, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE